ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Oct-04 13:33:47
60CV-19-6741
C06D17 : 10 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**JANE DOE**                                                        **PLAINTIFF**

**VS.**                          **NO. 60CV-19-6741**

**SEVEN STAR HOTELS GROUP, INC. D/B/A**               **DEFENDANTS**
**QUALITY INN & SUITES; SHRI JINASHA, LLC D/B/A**
**QUALITY INN & SUITES; RAJNI PATEL; LINA**
**PATEL; JOHN DOES 1-5 and JOHN DOE ENTITIES 1-**
**5**

### SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, Jane Doe, by and through her attorneys, RAINWATER, HOLT &

SEXTON, P.A., and for her Second Amended Complaint against the Defendants, states and alleges

the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Jane Doe was at all times relevant a citizen and resident of Little Rock,

Pulaski County, Arkansas.

2.      Defendant Seven Star Hotels Group, Inc. d/b/a ("Seven Star") was a foreign for profit

corporation. At all relevant times, Seven Star Hotels Group, Inc. was a franchisee and operator of

the Quality Inn & Suites located at 6100 Mitchell Drive, Little Rock, Arkansas 72209. Defendant

Seven Star Hotels Group, Inc. may be served by serving its registered agent for service of process,

Khurram Chaudhry, 6100 Mitchell Drive, Little Rock, Arkansas 72209.

3.      Defendant Shri Jinasha, LLC, ("Shri Jinasha") d/b/a Quality Inn & Suites was a

domestic Limited Liability Company. Shri Jinasha, LLC, was a franchisee and operator of the

Quality Inn & Suites located at 6100 Mitchell Drive, Little Rock, Arkansas 72209. Defendant Shri

Jinasha, LLC, may be served by serving its registered agent for service of process, Shitlesh Patel, 110

Wyatt Cove, Hot Springs, Arkansas 71901.

**EXHIBIT**

D

4.      Upon information and belief, Defendant Rajni Patel, Officer of Shri Jinasha, LLC, was at all times relevant a resident and citizen of Richardson, Dallas County, Texas.

5.      Upon information and belief, Defendant Lina Patel, Officer of Shri Jinasha, LLC, was at all times relevant a resident and citizen of Plano, Collin County, Texas.

6.      The residency of Defendant John Does 1-5 ("John Does") remains unknown.

7.      The residency of Defendant John Doe Entities 1-5 ("John Doe Entities") remains unknown.

8.      Plaintiff's counsel executed a "John Doe Affidavit" in accordance with Ark. Code Ann. § 16-56-125, and it is attached hereto as Exhibit 1.

9.      The incident giving rise to this cause of action occurred on or about May until July 2014 in Little Rock, Pulaski County, Arkansas.

## II. JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over the Defendant because each has sufficient contacts with the State of Arkansas, both generally and with regards to this specific action, such that the exercise of personal jurisdiction over the Defendant is proper.

11.     This case is non-removable under 28 U.S.C. § 1441 because Defendants Seven Star and Shri Jinasha are citizens of Arkansas. Their presence in the lawsuit both destroys complete diversity, as required under 28 U.S.C. § 1332(a)(2), and prevents removal due to the presence of a forum state defendant. Therefore, there is no objective reasonable basis for removal, and Plaintiff will invoke the attorney fees' provision under 28 U.S.C. § 1447(c) for the reasonable and necessary fees that would be required for filing a motion to remand this action, should this action be improperly removed to Federal Court.

12.     This Court has in personam jurisdiction over Defendants because the negligent acts and omissions of Defendants were committed in whole or in part in the State of Arkansas against a resident of the State of Arkansas.

13.     This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which

provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other Courts.

14.    Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury or in the county where the person injured resided at the time of the injury.

### III. BASIC PREMISE

15.    From 2007 to 2017, the National Human Trafficking Hotline documented 34,700 sex trafficking cases inside the United States.

16.    According to the Polaris Project, founded and based out of Washington D.C.; human trafficking is defined as the business of stealing freedom for profit. In some cases, traffickers trick, defraud or physically force victims into providing commercial sex. In other cases, victims are lied to, assaulted, threatened or manipulated into working under inhumane, illegal or otherwise unacceptable conditions. It is a multi-billion dollar criminal industry that denies freedom to 24.9 million people around the world.

17.    From their data, the Polaris Project has found that the most common venue for sex trafficking is at hotels or motels.

18.    It has long been recognized that exploiters and traffickers use hotel and motel rooms when setting up "tricks" or "dates" between victims of sex trafficking and those individuals purchasing sex.

19.    Traffickers have capitalized on the hotel industries' refusal to adopt companywide anti-trafficking policies, train staff on what to look for and how to respond, establish a safe and secure reporting mechanism, as well as seclusion and privacy of hotel rooms.

20.    According to a 2012 BEST study, 63% of trafficking incidents happen in hotels or motels, ranging from luxury to economy, with the majority of victims being children.

21.    The Quality Inn & Suites is a well-known spot for human trafficking. Local law enforcement and federal investigators have responded to calls for human trafficking related activity

at the Quality Inn & Suites.

## IV. FACTS

22.    On or about May of 2014, Plaintiff Jane Doe was brought by a known trafficker to the Quality Inn & Suites in Little Rock, Arkansas.

23.    Plaintiff was held against her will in a room on the fourth floor of the hotel from May to July of 2014. During this time, Plaintiff was forced to have sex with and perform sexual acts on ten to twelve individuals per day for money. All of the money paid by these individuals went directly to the Plaintiff's trafficker who was facilitating the business.

24.    While being held on the fourth floor of the Quality Inn & Suites Plaintiff was not allowed to leave. She was physically beaten and choked multiple times per week by her trafficker. On numerous occasions, while she was being beaten, she screamed for her life with no response or help from hotel management or staff.

25.    During the time that Plaintiff was at the Quality Inn & Suites, the entire fourth floor was used for human trafficking. Every room on the fourth floor was occupied by other adult and minor females who were being trafficked and abused just like the Plaintiff. The rooms were filled with household items that belonged in an apartment or house rather than a hotel room. Some of those items included vacuum cleaners, lawn maintenance equipment, and appliances.

26.    The noise level on the fourth floor was extremely high. Music played constantly and dozens of people occupied the floor, coming and going all hours of the day and night.

27.    Individuals paying Plaintiff's trafficker and other traffickers at the Quality Inn & Suites continuously came and went from the hotel often through the hotel lobby. Others had their own key cards to access the building, or were let in through the side entrance by someone waiting outside for their arrival.

28.    In the rooms Plaintiff was being held, there were approximately ten active key cards issued by the hotel at any given time. The phones in the rooms were completely disconnected preventing those in the rooms from being able to call out.

4

29.     The housekeeping staff at the Quality Inn & Suites were told by the trafficker specific days and times that they could clean the rooms on the fourth floor.

30.     Front desk workers, managers, and other Quality Inn & Suites employees put their heads down or looked away anytime the Plaintiff walked by them. No one from the hotel staff ever offered help or assistance to Plaintiff, even when she was clearly injured from being physically assaulted or obviously in danger.

### V.   CAUSE OF ACTION - NEGLIGENCE

31.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

32.     As owners, proprietors, and managers of the Quality Inn & Suites, Defendants invited persons onto the premise and had a duty to exercise reasonable care in keeping those on the property safe.

33.     Defendants owed a duty of care to Plaintiff to use ordinary and reasonable care under the circumstances, including preventing the sexual exploitation and human trafficking of any person on the premise.

34.     Defendants breached their duty to Plaintiff in each of, but not limited to, the following ways:

     a.     Failure to inspect rooms rented for long periods of times;

     b.     Failure to inspect rooms that have significant foot traffic from non-registered guests to a room rented over the period of several days;

     c.     Failure to properly train staff on the warning signs of human trafficking;

     d.     Failure to notify law enforcement once signs of human trafficking became apparent;

     e.     Failing to implement proper security procedures to monitor foot traffic coming and going from the Quality Inn & Suites;

     f.     Failing to properly monitor guest check in and implement policies and

procedures to verify guest identity; and

g.    Otherwise failing to maintain a safe premises.

### VI. CAUSE OF ACTION – ARK. CODE ANN. § 16-118-109

35.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

36.    An individual who is a victim of human trafficking may bring a civil action in any appropriate state court.

37.    Plaintiff is entitled to all remedies and damages under Ark. Code Ann. § 16-118-109 for violating Ark. Code Ann. § 5-18-103(a)(2) Trafficking of Persons - for knowingly benefitting financially or receiving anything of value from participation in a venture under Ark. Code Ann. § 5-18-103(a)(1).

38.    The statute of limitation period imposed for the filing of a civil action under Ark. Code Ann. § 16-118-109 does not begin to run until the Plaintiff discovers that the Defendants caused, were responsible for, or profited from the human trafficking incident.

39.    An individual who is a victim of human trafficking may bring a civil action in any appropriate state court and recover damages, to include actual damages, compensatory damages, and punitive damages, from a Defendant who knowingly benefits financially or benefits by receiving anything of value from participation in the offense of human trafficking.

### VI. PROXIMATE CAUSATION

40.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

41.    The Defendants' negligence proximately caused the injuries and damages sustained by Plaintiff.

### VII. INJURIES AND COMPENSATORY DAMAGES

42.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

43.     Plaintiff sustained personal injuries and damages as a result of the negligence of Defendants.

44.     Plaintiff is entitled to the following damages:

   (a)     the nature, extent, duration, and permanency of her mental and physical injuries;

   (b)     the full extent of the injuries she sustained;

   (c)     the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

   (d)     any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

   (e)     the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

   (f)     the visible results of her injuries.

45.     The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII.  DEMAND FOR JURY TRIAL

46.     Plaintiff hereby demands a trial by jury.

## IX.  DEMAND & PRAYER

47.     The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages, including those damages authorized by Ark. Code Ann. §16-118-109 (Civil cause of Action for Victims of Human Trafficking), to include compensatory damages, punitive damages or any other relief as stated in Ark. Code Ann. § 16-118-109.

48.     The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; attorneys fees; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:    */s/ Meredith S. Moore*
        Meredith S. Moore (Ark. Bar No. 2014237)
        Lauren Manatt (Ark. Bar No. 2011150)
        RAINWATER, HOLT & SEXTON, P.A.
        P.O. Box 17250
        Little Rock, AR 72222
        Telephone:   (501) 868-2500
        Telefax:     (501) 868-2508

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### CIVIL DIVISION

JANE DOE                                             PLAINTIFF

VS.                          NO. 60CV-19-6741

SEVEN STAR HOTELS                              DEFENDANTS
GROUP, INC. D/B/A
QUALITY INN & SUITES;
SHRI JINASHA, LLC
D/B/A QUALITY INN &
SUITES; RAJNI PATEL;
LINA PATEL; JOHN
DOES 1-5 and JOHN DOE
ENTITIES 1-5

STATE OF ARKANSAS )
                       )    ss:
COUNTY OF PULASKI )

Comes now Meredith S. Moore, and states, upon oath, the following:

1.      I represent Plaintiff, Jane Doe, in the above matter.

2.      Plaintiff, Jane Doe, is seeking a judgment against unknown tortfeasors.

3.      The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Doe Entities 1-5 and John Does 1-5, and will be named as such in the Plaintiff's Complaint.

4.      Upon determining the identities of John Does 1-5 and John Doe Entities 1-5, Plaintiff's Complaint will be amended by substituting the real name for the pseudo-name.

5.      This affidavit is made pursuant to A.C.A. § 16-56-125.

_____
Meredith S. Moore

10/4/19
_____
Date

EXHIBIT

1

SWORN AND SUBSCRIBED before me on the 4th day of October, 2019.

Notary Public

My commission expires:

REBECCA THOMPSON
PULASKI COUNTY
NOTARY PUBLIC -- ARKANSAS
My Commission Expires 06/20/2026
Commission No. 12349108

2