## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:19-cv-00834-BRW |
| | ) | |
| vs. | ) | |
| | ) | |
| SEVEN STAR HOTELS GROUP, INC. | ) | |
| D/B/A QUALITY INN & SUITES; | ) | |
| SHRI JINASHA, LLC D/B/A QUALITY INN | ) | |
| & SUITES; RAJNI PATEL; LINA PATEL; | ) | |
| VIJAY BRAHMBHATT; JOHN DOES 1-5 | ) | |
| and JOHN DOE ENTITIES 1-5 | | |
| | | |
| Defendants. | | |

### DEFENDANTS' JOINT MOTION TO COMPEL

COME NOW Separate Defendants named herein as SHRI JINASHA, LLC D/B/A

QUALITY INN & SUITES, RAJNI PATEL, LINA PATEL, and VIJAY BRAHMBHATT, by and

through their undersigned counsel, and for their Joint Motion to Compel state as

follows:

1.      Plaintiff has filed a lawsuit seeking money damages based on her

allegations that she is a victim of human trafficking at a hotel owned and managed by

the Defendants.  Plaintiff alleges that these Defendants negligently operated their hotel

and that they financially benefitted from occupancy of the hotel by Plaintiff's alleged

traffickers.

2.      Plaintiff's Complaint and all amendments thereto contain multiple

allegations regarding her trafficker.  Plaintiff's Fourth Amended Complaint alleges that

Plaintiff's trafficker held her against her will, forced her to engage in sexual acts for

money, beat her, threatened her, addicted her to drugs, and caused the emotional

trauma for which she seeks to recover damages from the Defendants for allegedly

benefiting financially from her trafficker's actions.

3.      Defendants have served Plaintiff with written discovery requesting the names of Plaintiff's alleged traffickers/captors/abductors described in her Fourth Amended Complaint.   Plaintiff has refused to identify her trafficker unless defense counsel agrees to not contact him or call him as a witness.

4.      The Amended Protective Order, Doc. 62, over which there was considerable briefing before the Court[1], does not allow the Plaintiff to withhold names of individuals whose identities are discoverable under Fed. R. Civ. P. 26 (b)(1) and who arguably should have been disclosed in Plaintiff's initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(i).   Moreover, even if Plaintiff had a valid legal objection to disclosing her trafficker, which she does not, Plaintiff has waived her objection to disclosing her trafficker as this was included in the extensive briefing on Plaintiff's identity and the Court's Amended Protective Order.   Plaintiff was silent on this issue specifically raised by the Defendants.

5.      Defendants SHRI JINASHA, LLC D/B/A QUALITY INN & SUITES, RAJNI PATEL, LINA PATEL served Plaintiff with the following interrogatory:

> INTERROGATORY NO. 3: Please list the name, all aliases, address, telephone number(s), email address(es), and social media handle(s)/username(s) of all alleged traffickers/captors/abductors described in your Fourth Amended Complaint.

Separate Defendant VIJAY BRAHMBHATT served Plaintiff with the following interrogatory:

> INTERROGATORY NO. 9:   Please provide the name, address, and telephone number of all captor(s)/abductor(s) as alleged in your Complaint.   Additionally, please provide all knowledge and interactions with these captor(s)/abductor(s), including:
>
>> a.      Knowledge of captor(s)/abductor(s) activities engaged at Quality Inn; and

---

[1] *See* Plaintiff's Motion for Protective Order, Doc. 42, Defendants' Response In Opposition to Motion for Protective Order, Doc. 46, Defendants' Motion for Modification of Plaintiff's Protective Order and Reconsideration of Defendants' Response In Opposition to Plaintiff's Protective Order, Doc. 51, Plaintiff's Response to Motion for Modification of Plaintiff's Protective Order, Doc. 56.

> b.   Interactions with the captor(s)/abductor(s) during the time period from May 2014 to July 2014 and for the five (5) years preceding.

On April 16, 2020, Plaintiff's partial, incomplete, and otherwise nonresponsive answer to all Defendants was:

> ANSWER: Objection. This interrogatory is overly broad and unreasonably burdensome as there is no way for Plaintiff to know the names of all pimps, traffickers, or drug dealers who were allowed on Defendant's premises. Defendants should know the names of those persons who were on their premises during the relevant time frame. Notwithstanding and without waiving said objections, see Plaintiffs First Supplement to her Confidential Initial Disclosures for information on Plaintiff's trafficker.

Plaintiff further objected and added that she:

> "further objects because this interrogatory is overly broad and unduly burdensome. It is not possible for Plaintiff to describe all interactions with her trafficker as she was with her trafficker every day for over two months. Defendants request for 5 years of interaction is overly broad and unduly burdensome on Plaintiff. Further, it is unclear what constitutes an "interaction". [2]

While incorrectly stating that the trafficker's name was provided under separate cover in her First Supplement to her Confidential Initial Disclosures, Plaintiff has never provided the full name of her alleged trafficker.  Plaintiff's First Supplement to her Confidential Initial Disclosures was not provided until May 8, 2020.  Defendants have only been told one trafficker's first name and alleged nickname.[3]

6.   Plaintiff's counsel has maintained, with no reference to any legal authority, in multiple discussions and correspondence regarding the disclosure of Plaintiff's Trafficker, that because Plaintiff does not intend to call the trafficker as a witness at

---

[2] Plaintiff's discovery responses added additional allegations not revealed in her Fourth Amended Complaint which identifies other alleged victims not parties to this lawsuit and will be provided to the Court under seal upon request.

[3] Plaintiff's Fourth Amended Complaint refers inconsistently to "Traffickers" and "Trafficker" while Plaintiff's written discovery alludes to one "Trafficker" though partially identifies three individuals.  It is unclear exactly how many traffickers were involved.  Plaintiff's responses to written discovery are, therefore, evasive and incomplete pursuant to Fed. R. Civ. P. 37(a)(4).

trial, his identity should not be relevant.  This ignores the basic tenant of Fed. R. Civ. P. 26(b)(1) governing discovery and impermissibly allows the Plaintiff to determine what is relevant to not only her claims but also what is relevant to the defense.  There is no legal support for such a contention.  *See* **Exhibit A**, correspondence from Plaintiff's counsel to defense counsel of May 8, 2020, attached hereto and incorporated by reference.  Out of an abundance of caution, and though Plaintiff's discovery responses and counsel's good faith correspondence pertaining to the discovery were not identified as "Confidential" by Plaintiff, the exhibits to this motion are being filed under seal. Unsealed copies of the exhibits are being provided to Chambers and counsel simultaneously.

7.     Plaintiff's counsel also offered to provide the trafficker's full name so long as defense counsel agreed to not contact him or call him as a witness.  *Id.*  In lieu of fully responding to valid discovery (which is compliant with the existing Protective Order), Plaintiff's counsel also set forth the untenable and incoherent proposition that Defendants could produce their business records detailing all hotel guests for a certain period, the parties could then depose/interview all of those individuals and purportedly not need to ever speak to the individual who allegedly engaged in the extensive criminal activity at the Defendants' hotel as outlined in Plaintiff's Fourth Amended Complaint, for which there is no known (or produced) corroborating record by any local, state, or federal law enforcement agency.  Plaintiff's counsel further advised that a Facebook search (presumably utilizing the first name and alleged nickname), should suffice to identify the trafficker and confirm that he is still engaged in prostitution and potentially trafficking.  **Exhibit A**.  This suggestion can scarcely be considered a good faith effort to resolve a discovery dispute.

8.      Plaintiff's Complaint was filed on September 19, 2019.  Plaintiff's identity was not revealed to the Defendants and defense counsel until April 16, 2020, and the Defendants still do not know who Plaintiff's trafficker(s) were. The Court has ordered discovery be concluded by October 7, 2020.  Doc. 40.

9.      As set forth in the good faith correspondence to Plaintiff's counsel dated May 6, 2020 and May 11, 2020, identified herein and incorporated by reference as **Exhibit B**[4], at best, Plaintiff's alternative means of verifying her allegations would be to determine if her alleged trafficker was a guest at the hotel.  Whether Plaintiff was ever held there against her will and was subjected to the abuse she claims she suffered at the hands of her Trafficker, for which the Defendants allegedly benefitted financially and are being sued, could not be verified or challenged by a review of the hotel guest records.

10.     In short, Plaintiff is preventing the Defendants from engaging in any meaningful discovery or challenging (or verifying) any of her allegations and effectively preventing the Defendants from complying with the Court's Scheduling Order.   Plaintiff reason for withholding her Trafficker's identity is her fear of physical harm and retaliation.  Plaintiff's fear cannot be reconciled with her pursuit of a lawsuit for which she seeks to hold the Defendants legally liable.  Moreover, Plaintiff's fear does apparently not extend to all allegedly involved as she has named multiple individuals she claims were "pimps" in her discovery responses.

11.     What Plaintiff is requesting is that defense counsel agrees to not pursue information and evidence from a key witness in this lawsuit.  As was true for Plaintiff's request that defense counsel not reveal her identity or certain factual allegations in her

---

[4] Out of an abundance of caution, and though Plaintiff's written discovery responses were not identified as "Confidential" by Plaintiff's counsel, the exhibits hereto including defense counsel's good faith correspondence regarding the discovery are being filed under seal.  Unsealed copies of the exhibits are being provided to Chambers and counsel simultaneously.

lawsuit to the Defendants, the current request is equally contrary to defense counsel's legal and ethical obligations to their clients.  Defendants have a fundamental legal right to challenge the Plaintiff's allegations, her evidence, and defend themselves in this lawsuit.  Defense counsel cannot agree to waive or forego substantive legal rights the Defendants possess.

12.     The Court's Amended Protective Order (Doc. 62) protects the Plaintiff from retaliation by keeping her identity secret from all persons except parties.  Under the terms of the order, her identity could not be disclosed to the alleged trafficker.  He would learn no personal information about the Plaintiff.  Presumably, he already knows the Plaintiff. If Plaintiff is fearful about disclosing his name, then she can take the necessary precautions by contacting law enforcement about the trafficker, a step which we can only assume she has already taken given the serious crimes which she alleges he committed.  The bottom line is that the Court has taken all measures it can take to protect her by keeping her identity confidential.  It cannot go further by excusing the Plaintiff from disclosing relevant witnesses.

13.     Pursuant to Local Rule 7.2(g), the Defendants have attempted to confer in good faith with Plaintiff's counsel on this issue in multiple telephone calls and as set forth in the attached correspondence but have been unable to resolve these matters without seeking the Court's intervention.

14.     A brief in support of this joint motion is filed contemporaneously herewith and adopted and incorporated by reference.

WHEREFORE, premises considered, Separate Defendants named herein as SHRI JINASHA, LLC D/B/A QUALITY INN & SUITES, RAJNI PATEL, LINA PATEL, and VIJAY BRAHMBHATT, pray the Court enter an Order directing Plaintiff to fully and completely respond to the written discovery referenced herein within 5 days.

RESPECTFULLY SUBMITTED,

D. Michael Huckabay, Jr., ABA 89135
Kathryn B. Knisley, ABA 08169
Huckabay Law Firm, PLC
425 West Capitol Avenue, Suite 1575
Little Rock, Arkansas 72201
Phone: (501) 375-5600
michael@huckabaylawfirm.com
kathryn@huckabaylawfirm.com

Attorneys for Separate Defendants
SHRI JINASHA, LLC D/B/A QUALITY
INN & SUITES, RAJNI PATEL, and LINA
PATEL

RESPECTFULLY SUBMITTED,

Mr. David M. Donovan, ABN 81184
Watts, Donovan, Tilley & Carson, P.A.
200 River Market Avenue, Suite 200
Little Rock, Arkansas 72201-1769
Phone: (501) 372-1406
david.donovan@wdtc.law

Attorney for Separate Defendant
VIJAY BRAHMBHATT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

JANE DOE,                )

                           )

        Plaintiff,    )    Case No. 4:19-cv-00834-BRW

                           )

    vs.                 )

                           )

SEVEN STAR HOTELS GROUP, INC.  )
D/B/A QUALITY INN & SUITES;  )
SHRI JINASHA, LLC D/B/A QUALITY INN  )
& SUITES; RAJNI PATEL; LINA PATEL;  )
VIJAY BRAHMBHATT; JOHN DOES 1-5  )
and JOHN DOE ENTITIES 1-5

    Defendants.

# <u>EXHIBIT A</u>
# <u>TO</u>
# <u>DEFENDANTS' JOINT MOTION TO COMPEL</u>

# <u>TO BE FILED UNDER SEAL</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

JANE DOE,               )

                     )

        Plaintiff,        )    Case No. 4:19-cv-00834-BRW

                     )

    vs.                )

                     )

SEVEN STAR HOTELS GROUP, INC.  )

D/B/A QUALITY INN & SUITES;   )

SHRI JINASHA, LLC D/B/A QUALITY INN )

& SUITES; RAJNI PATEL; LINA PATEL; )

VIJAY BRAHMBHATT; JOHN DOES 1-5 )

and JOHN DOE ENTITIES 1-5

        Defendants.

# EXHIBIT B
# TO
# DEFENDANTS' JOINT MOTION TO COMPEL

# TO BE FILED UNDER SEAL