**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JANE DOE**                                                                                          **PLAINTIFF**

**VS.**                                              **NO. 4:19 CV 834-DRW**

**SHRI JINASHA, LLC D/B/A QUALITY INN & SUITES;**            **DEFENDANTS**
**RAJNI PATEL; LINA PATEL; VIJAY BRAHMBHATT;**
**JOHN DOES 1-4 and JOHN DOE ENTITIES 1-5**

**FIFTH AMENDED COMPLAINT**

COMES NOW the Plaintiff, Jane Doe, by and through her attorneys, RAINWATER, HOLT

& SEXTON, P.A., and for her Fifth Amended Complaint against the Defendants, states and alleges

the following:

**I.  RESIDENCY & PARTIES**

1.      Plaintiff Jane Doe was at all times relevant a citizen and resident of Little Rock,

Pulaski County, Arkansas.

2.      Defendant Shri Jinasha, LLC, ("Shri Jinasha") d/b/a Quality Inn & Suites was a

domestic Limited Liability Company. Shri Jinasha, LLC, was a franchisee and operator of the

Quality Inn & Suites located at 6100 Mitchell Drive, Little Rock, Arkansas 72209. Defendant

Shri Jinasha, LLC, may be served by serving its registered agent for service of process, Shitlesh

Patel, 2209 Loring Drive, Allen Texas 75013.

3.      Upon information and belief, Defendant Rajni Patel, Officer of Shri Jinasha, LLC,

was at all times relevant a resident and citizen of Richardson, Dallas County, Texas.

4.      Upon information and belief, Defendant Lina Patel, Officer of Shri Jinasha, LLC,

was at all times relevant a resident and citizen of Plano, Collin County, Texas.

1

5.     Upon information and belief, Defendant Vijay Brahmbhatt was at all times relevant a resident and citizen of Little Rock, Pulaski County, Arkansas. Upon information and belief, Defendant Vijay Brahmbhatt currently resides in Illinois.

6.     The residency of Defendant John Does 1-4 ("John Does") remains unknown.

7.     The residency of Defendant John Doe Entities 1-5 ("John Doe Entities") remains unknown.

8.     Plaintiff's counsel executed a "John Doe Affidavit" in accordance with Ark. Code Ann. § 16-56-125, and it is attached hereto as Exhibit 1.

9.     The incident giving rise to this cause of action occurred on or about May until July 2014 in Little Rock, Pulaski County, Arkansas.

## II. JURISDICTION AND VENUE

10.     The United States District Court for the Eastern District of Arkansas has jurisdiction under 28 U.S.C. § 1332(a)(1).

11.     Venue for this action is governed by 28 U.S.C. § 1391(b)(2). Venue lies properly in the Eastern District of Arkansas as the events or omission giving rise to this claim occurred in Little Rock, Pulaski County, Arkansas.

## III. BASIC PREMISE

12.     From 2007 to 2017, the National Human Trafficking Hotline documented 34,700 sex trafficking cases inside the United States.

13.     According to the Polaris Project, founded and based out of Washington D.C.; human trafficking is defined as the business of stealing freedom for profit. In some cases, traffickers trick, defraud or physically force victims into providing commercial sex. In other

cases, victims are lied to, assaulted, threatened or manipulated into working under inhumane, illegal or otherwise unacceptable conditions. It is a multi-billion dollar criminal industry that denies freedom to 24.9 million people around the world.

14.     From their data, the Polaris Project has found that the most common venue for sex trafficking is at hotels or motels.

15.     It has long been recognized that exploiters and traffickers use hotel and motel rooms when setting up "tricks" or "dates" between victims of sex trafficking and those individuals purchasing sex.

16.     Traffickers have capitalized on the hotel industries' refusal to adopt companywide anti-trafficking policies, train staff on what to look for and how to respond, establish a safe and secure reporting mechanism, as well as seclusion and privacy of hotel rooms.

17.     According to a 2012 BEST study, 63% of trafficking incidents happen in hotels or motels, ranging from luxury to economy, with the majority of victims being children.

18.     The hotel industry is on notice that traffickers utilize hotels and motels for trafficking their victims. Recently, several hotel and motel chains now train their staff on sex trafficking.

19.     The Quality Inn & Suites is a well-known spot for human trafficking.  Local law enforcement and federal investigators have responded to calls for human trafficking related activity at the Quality Inn & Suites.

20.     During 2013 and 2014, the Little Rock Police Department responded to at least twenty calls reporting either an assault, domestic abuse, battery, rape, harassment, or prostitution had occurred on hotel premises. The majority of these calls involved rooms located on the fourth

floor of the hotel.

## IV. <u>FACTS</u>

21.     On or about May of 2014, Plaintiff Jane Doe was brought by a known trafficker to the Quality Inn & Suites in Little Rock, Arkansas.

22.     Plaintiff, through coercion and threat of physical harm to her person or others, including minors, was held against her will in a room on the fourth floor of the hotel from May to July of 2014.  During this time, Plaintiff was forced to have sex with and perform sexual acts on ten to twelve individuals per day for money. All of the money paid by these individuals went directly to the Plaintiff's trafficker who was facilitating the business.

23.     While being held on the fourth floor of the Quality Inn & Suites Plaintiff was not allowed to leave. She was physically beaten and choked multiple times per week by her trafficker. On numerous occasions, while she was being beaten, she screamed for her life with no response or help from hotel management or staff.

24.     During the time that Plaintiff was at the Quality Inn & Suites, the entire fourth floor was used for human trafficking. Every room on the fourth floor was occupied by other adult and minor females who were being trafficked and abused just like the Plaintiff. The rooms were filled with household items that belonged in an apartment or house rather than a hotel room. Some of those items included vacuum cleaners, lawn maintenance equipment, and appliances.

25.     The noise level on the fourth floor was extremely high. Music played constantly and dozens of people occupied the floor, coming and going all hours of the day and night.

26.     Individuals paying Plaintiff's trafficker and other traffickers at the Quality Inn &

Suites continuously came and went from the hotel often through the hotel lobby. Others had their own key cards to access the building or were let in through the side entrance by someone waiting outside for their arrival.

27.    In the rooms Plaintiff was being held, there were approximately ten active key cards issued by the hotel at any given time. The phones in the rooms were completely disconnected preventing those in the rooms from being able to call out.

28.    The housekeeping staff at the Quality Inn & Suites were told by the trafficker specific days and times that they could clean the rooms on the fourth floor.

29.    Front desk workers, managers, and other Quality Inn & Suites employees put their heads down or looked away anytime the Plaintiff walked by them. No one from the hotel staff ever offered help or assistance to Plaintiff, even when she was clearly injured from being physically assaulted or obviously in danger.

30.    Upon information and belief, the Quality Inn & Suites manager, Vijay Brahmbhatt, was living on the fourth floor, actively partaking in, and benefitting from the sex trafficking business that was going on during the time that Plaintiff was there from May to July 2014.

31.    █████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

32. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████ .

33. Due to the violent physical and mental abuse, and the long-term trafficking abuse, Plaintiff suffered extreme mental distress, which manifested itself in her inability to accomplish tasks central to daily life, such as bathing, feeding herself, being in public, sleeping, thinking, and working.

34. While entrapped by her traffickers, Plaintiff was given and used methamphetamine. Her drug use was a coping mechanism directly related to the abuse and repeated sexual assault. As a result, she became addicted.

35. As part of her treatment and therapy following her period of being trafficked, Plaintiff spent thirty (30) days at an in-patient drug rehabilitation center. After completing those thirty (30) days, she was placed in a sober living home.

36. Plaintiff spent a year and a half in the sober living home where she underwent extensive mental health counseling and services. She was not able to function in activities central

to daily life and the ordinary affairs of life such that she could be released until November 2018.

37.     From the time Plaintiff was rescued in July 2014 by the local non-profit shelter until the time that she was released from sober living in November 2018, Plaintiff could not carry on activities of daily life nor the ordinary affairs of life. Examples of her mental condition during this time include, but are not limited to, her repeatedly bathing herself five (5) to ten (10) times per day to "feel clean", having panic attacks █████████████████████████ ████, being overwhelmed with daily tasks, suffering almost daily nightmares, and interrupted sleep, depression, anxiety, and tearfulness.

38.     The type of emotional and mental issues Plaintiff faced were consistent with what is experienced in the population of sexual assault victims including post-traumatic stress disorder, depression, anxiety disorders, dissociative disorders, disorders of sexual functioning, eating disorders, sleep disorders, and substance abuse disorders. (See Exhibit 2 Molly Smith, Ph. D. Affidavit; Exhibit 3 Kathy Bryan Affidavit).

## V. <u>CAUSE OF ACTION - NEGLIGENCE</u>

39.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

40.     As owners, proprietors, and managers of the Quality Inn & Suites, Defendants invited persons onto the premise and had a duty to exercise reasonable care in keeping those on the property safe.

41.     Defendants owed a duty of care to Plaintiff to use ordinary and reasonable care under the circumstances, including preventing the sexual exploitation and human trafficking of any person on the premise.

42.     Defendants breached their duty to Plaintiff in each of, but not limited to, the following ways:

      a.     Failure to inspect rooms rented for long periods of times;

      b.     Failure to inspect rooms that have significant foot traffic from non-registered guests to a room rented over the period of several days;

      c.     Failure to properly train staff on the warning signs of human trafficking;

      d.     Failure to notify law enforcement once signs of human trafficking became apparent;

      e.     Failing to implement proper security procedures to monitor foot traffic coming and going from the Quality Inn & Suites;

      f.     Failing to properly monitor guest check in and implement policies and procedures to verify guest identity; and

      g.     Otherwise failing to maintain a safe premises.

43.     Due to Plaintiff's inability to attend to the ordinary affairs of life and diminished power to reason, Plaintiff was disabled and/or insane from July of 2014 through November of 2018.  Therefore, it was neither possible nor practicable for Plaintiff to bring her cause of action for negligence against Defendants until November 2018.

**VI. CAUSE OF ACTION – A.C.A § 16-118-109 –SHRI JINASHA, RAJNI PATEL, LINA PATEL ("HOTEL DEFENDANTS")**

44.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

45.     An individual who is a victim of human trafficking may bring a civil action in any

appropriate state court.

46.    Plaintiff is entitled to all remedies and damages under Ark. Code Ann. § 16-118-109 for violating Ark. Code Ann. § 5-18-103(a)(2) Trafficking of Persons - for knowingly benefitting  financially or receiving anything of value from participation in a venture under Ark. Code Ann. § 5-18-103(a)(1).

47.    The statute of limitation period imposed for the filing of a civil action under Ark. Code Ann. § 16-118-109 does not begin to run until the Plaintiff discovers that the Defendants caused, were responsible for, or profited from the human trafficking incident.

48.    An individual who is a victim of human trafficking may bring a civil action in any appropriate state court and recover damages, to include actual damages, compensatory damages, and punitive damages, from a Defendant who knowingly benefits financially or benefits by receiving anything of value from participation in the offense of human trafficking.

49.    Hotel Defendants benefited financially from the trafficking of Plaintiff on their premises by receiving payment from Plaintiff's trafficker for the room rentals.

50.    Due to Plaintiff's inability to attend to the ordinary affairs of life and diminished power to reason, Plaintiff was disabled and/or insane from July of 2014 through November of 2018.  Therefore, Plaintiff did not discover that the Hotel Defendants caused, were responsible for, or profited from the human trafficking until November, 2018.

**VII. <u>CAUSE OF ACTION – A.C.A.§ 16-118-109 -DEFENDANT VIJAY BRAHMBHATT</u>**

51.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

52.    An individual who is a victim of human trafficking may bring a civil action in any

appropriate state court.

53.     Plaintiff is entitled to all remedies and damages under Ark. Code Ann. § 16-118-109 for violating Ark. Code Ann. § 5-18-103(a)(2) Trafficking of Persons - for knowingly benefitting  financially or receiving anything of value from participation in a venture under Ark. Code Ann. § 5-18-103(a)(1).

54.     The statute of limitation period imposed for the filing of a civil action under Ark. Code Ann. § 16-118-109 does not begin to run until the Plaintiff discovers that the Defendant caused, was responsible for, or profited from the human trafficking incident.

55.     An individual who is a victim of human trafficking may bring a civil action in any appropriate state court and recover damages, to include actual damages, compensatory damages, and punitive damages, from a Defendant who knowingly benefits financially or benefits by receiving anything of value from participation in the offense of human trafficking.

56.     Defendant Vijay Brahmbhatt was benefitting financially from Plaintiff's trafficking as he was receiving payment from Plaintiff's trafficker for the nightly room rental.

57.     Defendant Vijay Brahmbhatt received value from Plaintiff's trafficking in the form of consistent occupancy rates as the rooms where Plaintiff was held were occupied for months.

58.     Upon information and belief, Vijay Brahmbhatt was actively participating in the sex trafficking by directing his staff to not call the police or report suspicious activity occurring on the fourth floor.

59.     Due to Plaintiff's inability to attend to the ordinary affairs of life and diminished power to reason, Plaintiff was disabled and/or insane from July of 2014 through November of

2018. (See Exhibit 2, Exhibit3).   Therefore, Plaintiff did not discover that Defendant Vijay Brahmbhatt caused, was responsible for, or profited from the human trafficking until November, 2018.

## VI. CAUSE OF ACTION – 18 USCS § 1595 FOR VIOLATION OF §1591 – DEFENDANTS SHRI JINASHA, RAJNI PATEL, LINA PATEL ("HOTEL DEFENDANTS")

60.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

61.     An individual who is a victim of human trafficking may bring a civil action against whoever benefits, financially or by receiving anything of value from participation in a venture, which that person knew or should have known has engaged in an act in violation of 18 USCS §1591 et seq. in an appropriate District Court of the United States.  18 USCS § 1595.

62.     Plaintiff is entitled to all remedies and damages under 18 USCS § 1595, including but not limited to damages and reasonable attorney fees.

63.     Defendants knew or should have known that hotels are a common ground for the business of sex trafficking.

64.     Defendants in this matter knowingly or in reckless disregard of the fact benefitted financially by accepting money for nightly room rental from Plaintiff's trafficker.

65.     Defendants should have known through audits and/or proper supervision that its manager, Defendant Vijay, was participating in sex trafficking as he was giving guests reduced rates and cash credits for rooms in exchange for sex with him.

66.     Defendants operate a Quality Inn & Suites as a member of the national franchise Choice Hotels and pay a franchise fee to Choice Hotels International, headquartered in

Rockville, Maryland.

67.     Choice Hotels International has over 7,000 locations worldwide and is one of the largest and most successful lodging franchisors in the world. https://www.choicehotels.com. Defendants utilize the booking software and payment software provided by Choice Hotels. Defendants benefit from the advertising done by Choice Hotels.

68.     Defendants rent rooms to persons who live out of state and have traveled to Little Rock, Arkansas using either the interstate or an airplane.

69.     Defendants advertise for customers, book customer rooms, and accept customer payments using the internet.  Their computers are connected to the internet which is utilized to effectuate payment through use of credit card processing.

## VI. CAUSE OF ACTION – 18 USCS § 1595 FOR VIOLATION OF §1591 –DEFENDANT VIJAY BRAHMBHATT

70.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

71.     An individual who is a victim of human trafficking may bring a civil action against whoever benefits, financially or by receiving anything of value from participation in a venture, which that person knew or should have known has engaged in an act in violation of 18 USCS §1591 et seq. in an appropriate District Court of the United States.  18 USCS § 1595.

72.     Plaintiff is entitled to all remedies and damages under 18 USCS § 1595, including but not limited to damages and reasonable attorney fees.

73.     Defendant personally received sex and drugs from those participating in the sex trafficking venture in exchange for reduced nightly rates.

12

74.     Defendant, as manager of the Quality Inn, utilized the booking software provided by Choice Hotels International to rent rooms to travelers from out of state.

## VIII. **PROXIMATE CAUSATION**

75.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

76.     The Defendants' negligence proximately caused the injuries and damages sustained by Plaintiff.

## IX. **INJURIES AND COMPENSATORY DAMAGES**

77.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

78.     Plaintiff sustained personal injuries and damages as a result of the negligence of Defendants.

79.     Plaintiff is entitled to the following damages:

(a)     the nature, extent, duration, and permanency of her mental and physical injuries;

(b)     the full extent of the injuries she sustained;

(c)     the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)     any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)     the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

(f)     the visible results of her injuries.

80.     The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X.  **DEMAND FOR JURY TRIAL**

81.     Plaintiff hereby demands a trial by jury.

## XI. **DEMAND & PRAYER**

82.     The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages, including those damages authorized by Ark. Code Ann. §16-118-109 (Civil Cause of Action for Victims of Human Trafficking) and 18 USCS § 1595, to include compensatory damages, punitive damages or any other relief as stated in Ark. Code Ann. § 16-118-109 and 18 USCS § 1595.

83.     The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; attorneys' fees; costs; and for all other proper relief to which she may be entitled.

Respectfully Submitted,
*Attorneys for Plaintiff*


By:     *Meredith S. Moore*
        Meredith S. Moore (Ark. Bar No. 2014237)
        Lauren Manatt (Ark. Bar No. 2011150)
        Denise Hoggard (Ark. Bar No. 84072)
        RAINWATER, HOLT & SEXTON, P.A.
        P.O. Box 17250
        Little Rock, AR  72222
        Telephone:    (501) 868-2500
        Telefax:      (501) 868-2508

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JANE DOE                                                                          **PLAINTIFF**

VS.                                            NO. 4:19-CV-834-DRW

SHRI JINASHA, LLC                                                            **DEFENDANTS**
D/B/A QUALITY INN &
SUITES; RAJNI PATEL;
LINA PATEL; VIJAY
BRAHMBHATT; JOHN
DOES 1-4 and JOHN DOE
ENTITIES 1-5

STATE OF ARKANSAS )
                                     )   ss:
COUNTY OF PULASKI  )

Comes now Meredith S. Moore, and states, upon oath, the following:

1.      I represent Plaintiff, Jane Doe, in the above matter.

2.      Plaintiff, Jane Doe, is seeking a judgment against unknown tortfeasors.

3.      The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Doe Entities 1-5 and John Does 1-4, and will be named as such in the Plaintiff's Complaint.

4.      Upon determining the identities of John Does 1-4 and John Doe Entities 1-5, Plaintiff's Complaint will be amended by substituting the real name for the pseudo-name.

5.      This affidavit is made pursuant to A.C.A. § 16-56-125.

_____
Meredith S. Moore

_____6/22/20_____
Date

SWORN AND SUBSCRIBED before me on the 22nd day of June, 2020

_____
Notary Public

My commission expires:

12/7/29

Jeff Priebe
Pulaski County
NOTARY PUBLIC – ARKANSAS
My Commission Expires  December 7, 2029
Commission No. 12374147